```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

ISABEL M. SALOME ROMERO,

        Plaintiff,

vs.                                          Case No. 14-1021-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

**II.  History of case**

On September 2, 2011 administrative law judge (ALJ) Alison K. Brookins issued her decision (R. at 16-19).  The specific issue that she addressed was whether plaintiff's self-employment income for the years 1999-2001 can be credited to plaintiff's earnings record, for purposes of establishing insured status for a disability claim.  The ALJ found that the self-employment

2

earnings for 1999-2001 may not be posted to the earnings record of the plaintiff (R. at 16).

Plaintiff applied for disability insurance benefits in April 2008, alleging that she became disabled on July 1, 2001. Plaintiff was denied disability insurance benefits because she lacked sufficient quarters of coverage to be insured for social security disability insurance (R. at 17).

Defendant was unable to credit plaintiff's social security earnings record with self-employment earnings for the years 1999-2001 because a request for correction of the earnings record must be made within 3 years, 3 months, and 15 days after any year in which she received earnings.  To be considered timely, the claimant would have needed to file the tax return for 1999 by April 15, 2003; the return for 2000 by April 15, 2004; and the return for 2000 by April 15, 2005.  There are no provisions in the law for extending the time limit and the tax returns for the 3 years were filed in June 2005.  Plaintiff was also informed that even if the earnings in question were added to her social security earnings record, she would still not meet the earnings requirement, because she had not worked long enough under social security to qualify (R. at 17).

The ALJ found that there are no provisions in the law for extending the time limit for filing late tax returns.  The returns for all three years (1999-2001) were filed in June 2005,

3

after the time period that the latest tax return should have been filed with the IRS (Internal Revenue Service) in order to be considered (R. at 18).  The ALJ made the following findings:

> 1. The claimant filed an application for Disability Insurance Benefits, but did not have sufficient quarters of coverage for insured status.
>
> 2. The claimant submitted self-employment tax returns to be credited for these earnings to her earnings record for the tax years 1999, 2000, and 2001.
>
> 3. The income tax returns from the claimant's self-employment were filed after expiration of the statutory limitation specified in Section 205(c)(1) of the Social Security Act.
>
> 4. None of the specific conditions to correction of the earnings record specified in Section 205(c)(5) applies in this case.
>
> 5. The claimant's Social Security record of earnings may not be corrected to credit the claimant's earnings for 1999, 2000, and 2001.
>
> 6. The claimant would not be insured for social security Disability Insurance Benefits, even if the self-employment earnings for 1999, 2000, and 2001 could be added.

(R. at 18-19).  The ALJ therefore held that plaintiff's record of earnings may not be corrected to credit self-employment earnings for 1999-2001.  Furthermore, plaintiff does not meet the insured status requirements for a period of disability and Disability Insurance Benefits (R. at 19).

4

**III.   Does substantial evidence support the decision of the ALJ?**

The court would note that plaintiff is proceeding pro se. A pro se litigant's materials are entitled to a liberal reading, and consequently, the court will make some allowances for the pro se litigant's failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. Weaver. v. Astrue, 353 Fed. Appx. 151, 154 (10th Cir. Nov. 18, 2009).  Plaintiff does not discuss the merits of the ALJ decision, but notes that she has suffered from physical and mental health concerns which delayed her ability to file her taxes in a timely fashion (Doc. 19, 23).

Plaintiff, in order to be eligible for social security disability benefits, must have at least 20 quarters of coverage in the 40 quarter period preceding the alleged onset of disability (July 1, 2001; R. at 17).  Schuler v. Barnhart, 127 Fed. Appx. 452, 453 (10th Cir. April 5, 2005).  Plaintiff only has 2 quarters of coverage in 1991 and 4 quarters of coverage in 1997 (R. at 55); therefore, she clearly lacks 20 quarters of coverage in the 40 quarters, or 10 years, preceding the alleged onset of her disability.

Plaintiff filed tax returns in June 2005 for the years 1999-2001 (R. at 17, 72). These returns were filed after the limitations period expired for correcting self-employment income records (R. at 17, 72). Id. at 453-454. Furthermore, there are no exceptions for correcting plaintiff's earnings records for 1999-2001. Id. at 454. The statute makes no exception where the correction or inclusion of additional self-employment income is brought to the Commissioner's attention after the expiration of the time limitations. Hollman v. Dept. of Health and Human Services, 696 F.2d 13, 17 (2nd Cir. 1982). The court therefore finds that the decision of the ALJ not to consider the income tax returns from 1999-2001 for purposes of determining plaintiff's eligibility for disability insurance is supported by substantial evidence.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 24th day of March, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge